UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANNE M. PRONTI,

                Plaintiff,

                                                    <u>SCHEDULING ORDER</u>

                                                      02-CV-6309L

        v.

JO ANNE B. BARNHART, as Commissioner
of the Social Security Administration,

                Defendant.
_____

CURTIS I. BALLARD,

                Plaintiff,

        v.                                              03-CV-6090L

JO ANNE B. BARNHART, as Commissioner
of the Social Security Administration,

                Defendant.
_____

KIMOTHY ZIMMERMAN,

                Plaintiff,

        v.                                            03-CV-6664L

JO ANNE B. BARNHART, as Commissioner
of the Social Security Administration,

                Defendant.
_____

In these three actions, plaintiffs' counsel in each case filed a Motion For Declaratory Judgment On The Pleadings. These motions were filed February 16, 2006.

There is another motion pending. On October 4, 2005, plaintiffs' counsel filed a joint motion to restore the cases to this Court from the Commissioner and for discovery. On the day the Commissioner was to respond to this motion, she filed a copy of a document entitled "Final Agency Decision: Bias Allegations Against ALJ Franklin Russell." Several days thereafter, the Commissioner filed the 322 pages of exhibits that were annexed to the Final Agency Decision. No substantive response to plaintiffs' joint motion was filed.

The Commissioner is directed to respond to the above referenced motions on or before March 17, 2006.

The Commissioner should address, among others, the following issues:

1. Is there any reason not to restore these cases to this Court's calendar since the Court's original remand was pursuant to 42 U.S.C. § 405(g), sentence 6? Does this Court have jurisdiction?

2. Although the Court does have the Final Agency Decision concerning the bias investigation, does this Court have a sufficient administrative record upon which to proceed?

3. Does the Commissioner intend to submit a transcript of the additional record and testimony upon which the Final Agency Decision was based?

4. What "further action" at the administrative level has the Commissioner taken, or does the Commissioner intend to take, as a result of the Final Agency Decision?

5. What is the Commissioner's response to plaintiffs' more recent motions for Declaratory Judgment on the Pleadings? Specifically, the Commissioner should address plaintiffs' request for relief at page 12 of the February 16, 2006 motion. Does this Court have jurisdiction in these cases

to rule that ALJ Russell is generally biased against all claimants for benefits under the Social Security Act? Does this Court have jurisdiction to enter an order that the Commissioner failed to provide fair hearings to *all* Social Security claimants whose claims were decided by ALJ Russell, presumably during his entire tenure?

Plaintiffs may reply to the Commissioner's response within twenty (20) days of its receipt.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 23, 2006.